UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Ben Johnson,           § | |
|     *Petitioner*,      § | |
| § | |
| vs.           § | Civil Action H-06-2912 |
| § | |
| Nathaniel Quarterman, Director,   § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,  § | |
|     *Respondent*.     § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ben Johnson's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for report and recommendation. (Dkt. 6). Respondent has filed a motion for summary judgment. (Dkt. 15). The court recommends that respondent's motion be granted and Johnson's application denied.[1]

## BACKGROUND

Johnson is in the director's custody pursuant to a judgment and sentence from the 232nd District Court, Harris County, Texas. Johnson was charged with the offense of aggravated robbery. A jury found Johnson guilty and sentenced him to fifty years in prison on April 23, 2004. The Fourteenth Court of Appeals affirmed Johnson's conviction on November 15, 2005 and Johnson's petition for discretionary review was

---

[1] Petitioner's motion for suspension of rules requesting that this court make two copies of his memorandum (Dkt. 4) is dismissed as moot. Petitioner's motion for appointment of counsel (Dkt. 3) is also denied. A convicted defendant has no Sixth Amendment right to counsel in post-conviction habeas proceedings. *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995).

refused on April 5, 2006. Johnson filed an application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied on August 30, 2006. Johnson filed this federal application for writ of habeas corpus on September 13, 2006.

## ANALYSIS

### 1. Standard of Review

Johnson's federal petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254. Section 2254 sets a "highly deferential standard" for evaluating state court rulings which demands that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Johnson may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Johnson's petition raises four grounds for relief: (1) the identification lineup was tainted because Johnson was the only person wearing muddy clothes; (2) the prosecutor improperly referred to the complainant as "victim"; (3) the prosecutor improperly commented on Johnson's failure to testify; and (4) Johnson was denied effective assistance of counsel.

**2. State Procedural Bar**

Johnson's first and second grounds for relief are procedurally barred from review because these claims were denied on state procedural grounds. Federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously denied relief based on a state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Johnson's improper identification line up claim was expressly denied under the Texas contemporaneous objection rule because he did not pursue his objection to an adverse ruling. Similarly, Johnson's claim that the prosecutor improperly referred to the complainant as victim was denied because his objection at trial was different than his complaint on appeal, and therefore did not preserve error for appellate review. Although the state appellate court determined that Johnson failed to properly preserve review for error on both these grounds, the court alternatively addressed the merits of Johnson's claims. Nonetheless, a state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a defendant's claim. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989).

Johnson has shown neither cause[2] or prejudice for the default, nor that a fundamental miscarriage of justice will result absent federal review. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). As a result, Johnson's claims that the identification line up

---

[2] Ineffective assistance of counsel is sufficient cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Although Johnson argues that his counsel was ineffective for failing to object to the improper identification line up, as explained below this contention is without merit. Therefore, Johnson's claim of ineffective assistance of counsel does not excuse the procedural default.

3

procedure was tainted and that the prosecutor improperly referred to the complainant as "victim" are procedurally barred from review.

### 3. Prosecutor's Comment on Johnson's Failure to Testify

Johnson complains that the trial court erred by overruling his objection to the prosecutor's alleged comment about his failure to testify. Specifically, Johnson claims that the prosecutor stated, "You've heard from two of the three people who were there that night, the victim and the co-defendant." Johnson objected to this statement as an improper comment on his failure to testify, but the trial court overruled Johnson's objection. The appellate court reviewed the prosecutor's statement and determined that it was not an improper comment on Johnson's failure to testify. The court noted that there were four people present during the commission of the crime, and since only two people testified during trial, the comment did not necessarily refer to Johnson. The court also explained that even if the prosecutor's comment was improper, it did not demonstrate a willful or calculated effort on the part of the state to deprive Johnson of a fair and impartial trial.

The Fifth Amendment prohibits a prosecutor from commenting on a defendant's failure to testify. *Griffin v. California*, 380 U.S. 609, 615 (1965). A prosecutor's remarks constitute an impermissible comment on a defendant's right not to testify if the prosecutor's manifest intent was to comment on the defendant's silence or if the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence. *United States v. Baylor*, 127 F.3d 380, 396 (5th Cir.

1997).  The prosecutor's intent, however, is not manifestly impermissible if there is some other, equally plausible explanation for the remark.  *Jackson v. Baylor*, 194 F.3d 641, 652 (5th Cir.1999).  Challenged comments are evaluated in the context of the trial within which they are made and are subject to harmless error analysis.  *United States v. Robinson*, 485 U.S. 25, 33 (1988).

Here, as noted by the state appellate court, the prosecutor's statement did not necessarily refer to Johnson's failure to testify and there is an equally plausible explanation for the prosecutor's statement.  Because Johnson has not shown that the prosecutor manifestly intended to comment on his choice not to testify or that the jury necessarily would view the prosecutor's comments in that light, habeas relief is not available on this claim.

**4. Ineffective assistance of counsel**

Johnson alleges that his trial attorney was ineffective for failing to (1) obtain an adverse ruling on his objection that the line-up procedure was tainted; (2) request a jury instruction on the accomplice-witness rule; and (3) object during voire dire when the prosecutor stated that the District Attorney's office only prosecutes defendants they know are guilty.

To sustain a claim of ineffective assistance of counsel, a habeas petitioner must prove (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense" so gravely as to "deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 688, 687 (1984).  A failure

to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. Judicial scrutiny of counsel's performance must be highly deferential, and effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997). Furthermore, to establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* 466 U.S. at 694.

Johnson has not shown that he was prejudiced by his trial attorney's failure to obtain an adverse ruling on the impermissible line-up procedure. Johnson argues that the identification line up was impermissible because he was the only person in the line up wearing muddy clothes and the complainant viewed the line up shortly after he viewed his stolen vehicle, which had mud on it. Although Johnson's trial attorney did not obtain an adverse ruling or file a motion to suppress, the line up identification process was challenged in a pre-trial hearing and the trial court found that it was not impermissibly suggestive. Furthermore, despite finding that Johnson failed to preserve error, the state appellate court went on to reject the claim on the grounds that the line up procedure was not impermissibly suggestive because the mud on Johnson's clothes was not noticeable. Therefore, in light of these findings, Johnson has not shown that he was prejudiced by counsel's failure to obtain an adverse ruling.

Furthermore, Johnson's claim that his trial attorney was ineffective for failing to request a jury instruction on the accomplice-witness rule is without merit. Johnson contends that he was entitled to an instruction that the jury could not draw an adverse inference from the co-defendant's Derrell Parker's invocation of the Fifth Amendment privilege against self-incrimination during the trial. In this case, Johnson and Parker were accomplices as a matter of fact because both were charged with the same offense. *Ex parte Zepeda*, 819 S.W.2d 874, 875-76 (Tex. Crim. App. 1991). At trial, Parker testified that he and Johnson committed aggravated robbery on September 2, 2003.

According to article 38.14 of the Texas Code of Criminal Procedure, "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE. CRIM. PROC. ANN. art. 38.14 (Vernon 2004). Although Johnson's trial attorney did not request an accomplice-witness instruction in the jury charge, Johnson has not shown that he was prejudiced because his involvement in the robbery was introduced by the complainant's testimony which sufficiently corroborated Parker's testimony. As a result, Johnson has not shown that he was prejudiced by his attorney's failure to request an instruction on the accomplice-witness rule.

Finally, Johnson has not shown that he was prejudiced by his trial counsel's failure to object when the prosecutor stated that the District Attorney's office only prosecutes defendants they know are guilty during voire dire. Specifically, the prosecutor stated,

> We do not prosecute a case unless we think that person is guilty of the offense charged. We never prosecute a case unless we're convinced that that person is guilty of that offense.

Nonetheless, Johnson's attorney addressed this statement by emphasizing that it is the jury's responsibility to determine guilt and cited instances where the state's evidence presented at trial was later determined to be incorrect. Johnson's attorney specifically told the venire members that

> I don't believe there are very many prosecutors, if any, that will consciously violate the oath and obligation but we know from what's going on today . . . things do go wrong. That's why we need the twelve of you who get picked to sit on this jury because otherwise we can just let the DA's office and the police officers decide if someone is guilty or not guilty and say we don't even need a court.

Given these statements, counsel's decision to not object during voire dire is more properly characterized as a strategic decision, rather than ineffective assistance of counsel. Generally, there is a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance," and a disagreement with counsel's strategy will not validate a finding of ineffective assistance of counsel. *Bell v. Cone*, 535 U.S. 685, 698 (2002). A court will not second guess counsel's strategy simply because something may have been done differently. *See Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Therefore, Johnson is not entitled to relief on his ineffective assistance of counsel claims.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that petitioner's application for writ of habeas corpus be denied with prejudice.

The court further finds that Johnson has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 29, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge